190 So. 301

## ROBERTS v. STATE.
### 6 Div. 284.

Court of Appeals of Alabama.
May 9, 1939.

Rehearing Denied June 6, 1939.

Beddow, Ray & Jones, J. Howard Perdue, Jr., and George Rogers, all of Birmingham, for appellant.

Thos. S. Lawson, Atty. Gen., and L. L. Mooneyham, Asst. Atty. Gen., for the State.

RICE, Judge.

Appellant, placed on trial under an indictment charging him with the offense of rape (Code 1923 Sec. 5407), was convicted of the offense of assault with intent to ravish (rape), and his punishment fixed at imprisonment in the penitentiary for an indeterminate term of not less than seven years nor more than eight years. (Code 1923, Sec. 3303).

The testimony was in irreconcilable conflict; that for the State tending to make out a case against appellant of guilt,—and of rape of the most aggravated nature—; while that on behalf of appellant tended to show—except for an unguarded intimation of his own—that he was guilty of no crime known to the law.

The issues were all for the jury; and after a careful study of the testimony shown by the bill of exceptions, we are of the opinion the verdict returned found ample support in same.

Appellant was represented on the trial below, and, on the appeal, here, by able counsel. And while we have endeavored to perform our full duty under the terms of Code 1923, Sec. 3258, we are persuaded that the only matters worthy to be discussed by us are those mentioned in the brief which said counsel have filed in this court.

It is first insisted that error prejudicial to appellant was committed by the court in allowing the astute Solicitor representing the State on the trial below to ask the defendant's (appellant's) witness Miss Ruth Hickman, on cross-examination, —she having testified that defendant (appellant) bore a good reputation in the community in which he lived,—over his objection with due exception reserved, whether or not she knew that appellant was a married man. And in allowing her to answer that she did know he was a married man with three children.

It is true enough, we believe, that whether or not appellant was a married man, with or without children, was an entirely irrelevant issue. But the testimony noted was limited by the learned trial judge to the single purpose of, as he phrased it, "showing the degree of acquaintanceship of this witness with the defendant." And for such purpose we see no valid reason for its exclusion; damaging though it doubtless was to appellant. None of the cases cited by appellant's counsel in their brief hold anything to the contrary.

■ Appellant, a man over six feet in height, and weighing some 160 pounds, sought by his own testimony to have the jury believe that he undertook, with her consent, to have intercourse with the young lady involved, on the front seat of a two-door Dodge Sedan. But that, finding this inconvenient, if not impossible, they (the young lady and himself), at her suggestion, got out of the car for the purpose of getting on the back seat. And that as the young lady stepped on the ground, in the dark, and at an out-of-the-way, more or less secluded location, she fell off an hitherto undiscovered embankment and broke her arm. (Which accident, we may remark in passing, and appellant's ungallant attitude toward it—he admitting that he could not (would not) agree to pay the expense of its treatment, and the young lady's impending loss of time from her employment—she being a working girl—until he "consulted his lawyer"—lest he "incriminate himself" —strongly appears to have caused him all his grief).

On cross-examination the Solicitor was allowed, over appellant's objection—with due exception reserved—to ask him this question: "Have you ever, successfully, had intercourse with anybody in the front seat of an automobile?"

We see no valid objection to the question. Appellant contends that, aside from calling for irrelevant and immaterial testimony, it seeks to "degrade and belittle this witness in the presence of the jury." But it is rather our opinion that it merely sought to "degrade and belittle" the witness' testimony before the jury. And that, we think, is one of the purposes of Code 1923, Sec. 7731.

At any rate, we hold the question mentioned did not transcend the privileges accorded by the Code Section mentioned. The cases cited on the point by appellant's counsel seem to us not in conflict with this holding.

■ While appellant's counsel was cross-examining the young lady alleged to have been ravished, and upon her professing to be confused as to the purport of a question, or as to the form of answer desired, and mentioning her confusion to the trial judge, he remarked: "Tell me what it is without anybody hearing you"— whereupon the witness had a whispered conversation with the judge.

We would not be in the position of setting the stamp of our approval upon. this performance by the learned trial court. But we are not called upon to express an opinion. one way or the other, for the simple reason that no objection was interposed by appellant. Merely reserving an exception—after the act was done as forecast—is not, we hold, sufficient to present anything to us, in the regard in question, for review.

[5] It appears that appellant—after the young lady alleged to have been ravished had testified as a witness in behalf of the State, and after the State had gotten before the jury testimony to the effect that appellant was a "married, man with three children"—sought in various ways to get before the jury testimony showing, ·or tending to show, that the young lady 'referred to knew, when she had the "date" with appellant which ended so disastrously, that appellant was such "married man with three children."

To all these efforts the learned trial court ruled—with due exception reserved— as follows—to put it comprehensively—: "I hold that the question of whether or not the prosecuting witness (the young lady referred to above) knew that this defendant was married, or not, or whether it was discussed in her hearing, is not competent evidence, and I make that ruling; and any question asked, in order to put before this jury any evidence on that subject, is not admissible. Please understand that."

But we do not agree with the said learned trial court.

It appears to us, and we hold, that, solely as bearing on the weight the jury might accord to the testimony of the said young lady, it was competent for the jury to know whether or not she knew, when she "went out" with appellant (to so put it), that he was a married man,—and this, for what appears to us obvious reasons.

And for the error in excluding this testimony the judgment must be reversed and the cause remanded.

And it is so ordered.

Reversed and remanded,